UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERESA ROBERSON

PLAINTIFF,

vs.                                                CASE NO.:

St. Petersburg Housing Authority, Katherine Velez and
Vanessa Manning

Defendants
_____/

PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, TERESA ROBERSON, by and through her undersigned counsel,

Sues Defendant, **St. Petersburg Housing Authority,** ("Defendant" or "Housing

Authority"), **Katherine Velez**., ("Defendant" or "Velez"), and **Vanessa Manning.,**

("Defendant" or "Manning")  and states:

GENERAL ALLEGATIONS

1.      This is an action for damages brought against the Defendants pursuant to Chapter

70 of the Pinellas County Code of County Ordinances, §70-101, et seq.,  specifically, § 70-

152, § 70-180 (b) and (c), The Florida Fair Housing Act—specifically, Sections 760.23(1),

760.23(2), 760.23(8) and (9)(b) Florida Statutes and the Federal Fair Housing Act ("FHA")—

Specifically, 42 U.S.C Sections 3601-3603, 3604, 3613 and 3615, and specifically,  § 804 (f)(3)

(B).  This Court has original, concurrent, and subject matter jurisdiction pursuant to article

III, section 1 of the U.S. Constitution, 28 U.S.C. sections 1331, 1332 and 1343 and Florida

Constitution.

2.        At all times material, Plaintiff, TERESA ROBERSON  (hereinafter "Plaintiff" or "ROBERSON") was resident of Pinellas County, Florida and the conduct complained of herein occurred in Pinellas County, and within the jurisdiction of this Court.

3.        At all times material, Defendant **St. Petersburg Housing Authority.,** ("Defendant" or "Housing Authority" or "SPHA") was local, or state entity operating responsible for providing safe, sanitary, accessible, decent, and affordable housing to eligible citizens of the city of St. Petersburg, while enhancing and promoting resident self-sufficiency. SPHA operates three housing programs: Public Housing, Affordable Housing, and Housing Choice Vouchers. These programs are supposed to provide quality, sustainable housing opportunities for approximately 4,000 qualifying low-income households.     The St. Petersburg Housing Authority offers a variety of number of programs that provide affordable rental housing to low-income families, seniors, veterans, and the disabled in the greater St. Petersburg region.     Defendant SPHA is responsible for the actions of their employees, representatives or agents.

4.       At all times material, Defendant   Katherine Velez, ("Defendant" or "Velez") was the HVC Special Programs Intake Supervisor and worked in conjunction with or worked for or at the behest of Defendant SPHA. VELEZ managed the voucher intake program, and approval process  and performed managerial duties for SPHA, and therefore, Defendant VELEZ was an employee, representative or agent of the Defendant SPHA acting with the course of her actual, implied or apparent authority.

5.       At all times material, Defendant  Vanessa Manning, ("Defendant" or "Manning") was the HVC Special Programs Intake Specialist and worked in conjunction with or

worked for or at the behest of Defendant SPHA. MANNING managed the voucher intakes, and approval process  and performed managerial duties for SPHA, and therefore, Defendant VELEZ was an employee, representative or agent of the Defendant SPHA acting with the course of her actual, implied or apparent authority.

6.     ROBERSON  has complied with all conditions precedent for the filing of this lawsuit, including filing the appropriate charge of discrimination with the Pinellas County Office of Human Rights, HUD and Florida Commission on Human Relations, to which a determination of REASONABLE CAUSE was rendered in Plaintiff's favor against Defendants. (See attached Reasonable Cause Determination(s) as Composite Exhibit "A").

## FACTUAL ALLEGATIONS

7.     ROBERSON is handicapped or has a disability resulting from having a spinal cord and brain injury.  As a result of her disability she is unable to perform or has physical limitations which substantially limits or impairs a major and fundamental life activity, to wit,  her ability to function and engage in any major life activities, such as having significant balancing problems, being unable to walk distances, being unable stand for long periods of time, being unable to drive and generally, being able to care for herself.

8.     At all times material to this action, ROBERSON, in order to maintain some degree of independence, mobility, and to have her family assist her with  mobility and to perform daily life activities, was granted housing voucher, and received a transfer of that housing voucher from the Tampa Housing Authority to the Defendant SPHA.

9.     In order to receive and enjoy the full terms, conditions, privileges, or services and facilities under the housing laws,  state, local and federal,  and to be closer to her family

members who would assist her with her disability, Plaintiff requested her housing voucher with the Tampa Housing Authority be transferred to the Defendant SPHA.

10.    On August 7, 2022, Plaintiff received a portability package that was sent to the Defendant SPHA from Jason Cruz Ayala (Portability Supervisor from the Tampa Housing Authority). The package was sent to Defendant VELEZ. A request was made for the Defendant SPHA to confirm receipt of the package and information.  In fact, Plaintiff confirmed with the Tampa Housing Authority that her file had been sent/forwarded to and received from the Defendant SPHA.

11.    Plaintiff contacted the Defendant SPHA to confirm all the documents and information has been received, so that she could start the process of finding a home in Pinellas County.   Since she had heard nothing back from Defendant SPHA, Plaintiff made several attempts to contact the SPHA to begin the transfer process, including leaving messages.

12.    After months of being without the ability to acquire suitable housing, or housing to accommodate her disability due to the delay and denial of process her voucher, finally, during the end of 2022, Plaintiff was to speak to Defendant VELEZ yet was told that/advised that the SPHA did not receive the voucher transfer form.  Despite this denial, the Tampa Housing Authority had indeed sent the information to the Defendant SPHA for processing  months prior.

13.    On February 28, 2023, the Tampa Housing Authority Portability Department sent a letter to the Defendants (SPHA, Velez and Manning) regarding the portability transfer of Plaintiff's voucher which was in fact done, and again provided all the information

required.  Moreover, Plaintiff herself forwarded the information to Defendants Velez and Manning, yet, the Defendants continue to deny the receipt of the transfer and voucher.   In fact, Plaintiff personally called, and spoke with Velez and Manning on multiple occasions regarding her voucher, and the status of her voucher.

14.     During all time material to Plaintiff's allegations, and requests and efforts to have her voucher transferred, and service rendered to her, Defendant continued to accept, receive and process housing vouchers for non-disabled citizens, and citizens not seeking a reasonable accommodation.   As a consequence of the unreasonable and perpetual delay in responding to Plaintiff's request for a reasonable accommodation, and the acceptance and process of her voucher, as well as Defendants' ultimate denial of Plaintiff's request for a reasonable accommodation by constantly denying receipt of the transfer documentation and voucher from the Tampa Housing Authority and timely processing the same, Defendant's violated Plaintiff's civil rights, discriminated against her because of her disability and caused Plaintiff damages.  To this end, Plaintiff was unable to purchase, lease or obtain affordable housing, was in fact left homeless during this period of time, was subjected to physical abuse while being homeless,  and was unable to obtain assistance and care from her family members for her disability.

15.     Defendant SPHA is responsible for the conduct and actions of its employees, managers and representatives and were required to and had a legal duty and obligation to engage in non-discriminatory conduct vis-à-vis Plaintiff and failed and refused to do. Likewise, Defendants Velez and Manning are liable for and responsible for their individual and active failures in this cases, namely, properly processing Plaintiff's transfer and

housing voucher.    Instead, Defendants acted in a manner so as to discriminate against Plaintiff due to her disability and deprive her of her rights under applicable law.   In fact, upon information and believe, Defendants did not even approve Plaintiff's voucher until May or June of 2023.   As a result of the discriminatory conduct of the Defendants, PLAINTIFF has sustained damages and continues to sustain damages as a result of Defendants ongoing discriminatory actions towards her.

**COUNT I- FHA VIOLATIONS AGAINST-SPHA**

**("Direct Disability Discrimination")**

16.     ROBERSON repeats, re-alleges and incorporates paragraphs 1-15 set forth above.

17.     ROBERSON has exhausted her administrative remedies as described in paragraph 6 above  and therefore all conditions precedent to filing suit under the FHA, have been met.

18.     The FHA prohibits discrimination on the basis of disability in all programs, services, privileges, benefits and activities provided by or made available by public entities, including the provision of housing and related services. The Defendant SPHA is a public entity, and Defendants Velez and Manning are individuals operating and managing collectively and in concert with the SPHA to provide housing related services or provide housing to the public under the FHA.  The FHA requires "reasonable accommodation" be made when requested by a qualified person with a disability.

19.     ROBERSON is a member of a protected class in that she is handicapped, disabled, or suffers from a disability as defined in or by the FHA; to this end, ROBERSON has a severe disability as set forth in paragraph  7  which substantially limits or impairs several major

and fundamental life activity and renders her unable to do many major life activities. Additionally, ROBERSON has a record of being impaired or handicapped or is regarded as being impaired or handicapped and said impairment substantially limits one or more major life activities. Defendant violated the FHA in that Defendant discriminated against Plaintiff by, among other things, (1) denying her or delaying her a reasonable accommodation due to her disability, handicap or impairment and/or (2) by refusing to and/or failing to offer Plaintiff any type of reasonable accommodation, even though the reasonable accommodation(s) sought by Plaintiff would have placed no burden whatsoever on Defendant and (3) unreasonable delaying in responding to or ignoring Plaintiff's multiple requests for accommodation and/or inquiries about her requests for a reasonable accommodation.

20.     Defendant is/was providers of public or residential housing or related services and is/was required by law to provide Plaintiff with a reasonable accommodation and provide Plaintiff the ability to enjoy the full terms, conditions, privileges, or services and facilities of the premised and property in which she resided within the meaning of the FHA. In fact, the FHA requires owners of housing facilities to make reasonable exceptions in their policies and operations to afford people with disabilities equal housing opportunities and/or equal access to housing related facilities, such as in this case, the prompt process of Plaintiff's housing voucher so that he could obtain housing, and obtain housing where members of her family could care for her and assist her with her disability, to the same extent as those without disabilities.

21.     As a direct and proximate result of the aforementioned violations, ROBERSON has

suffered loss of benefits, embarrassment and humiliation, inconvenience, loss of enjoyment

of life and home, emotional pain and suffering, and severe emotional distress and anguish.

   **WHEREFORE**, ROBERSON demands the following relief: compensatory damages,

attorney's fees, and costs pursuant to the FHA, a trial by jury and any other relief this court

deems just and proper.

**COUNT II- FHA VIOLATIONS AGAINST-VELEZ**

**("Direct Disability Discrimination")**

22.   ROBERSON repeats, re-alleges and incorporates paragraphs 1-15 set forth above.

23.   ROBERSON has exhausted her administrative remedies as described in paragraph 6

above  and therefore all conditions precedent to filing suit under the FHA, have been

met.

24.   The FHA prohibits discrimination on the basis of disability in all programs, services,

privileges, benefits and activities provided by or made available by public entities,

including the provision of housing and related services. The Defendant SPHA is a public

entity, and Defendants Velez and Manning are individuals operating and managing

collectively and in concert with the SPHA to provide housing related services or provide

housing to the public under the FHA.  The FHA requires "reasonable accommodation" be

made when requested by a qualified person with a disability.

25.   ROBERSON is a member of a protected class in that she is handicapped, disabled, or

suffers from a disability as defined in or by the FHA; to this end, ROBERSON has a severe

disability as set forth in paragraph  7  which substantially limits or impairs several major

and fundamental life activity and renders her unable to do many major life activities.

Additionally, ROBERSON has a record of being impaired or handicapped or is regarded as being impaired or handicapped and said impairment substantially limits one or more major life activities. Defendant violated the FHA in that Defendant discriminated against Plaintiff by, among other things, (1) denying her or delaying her a reasonable accommodation due to her disability, handicap or impairment and/or (2) by refusing to and/or failing to offer Plaintiff any type of reasonable accommodation, even though the reasonable accommodation(s) sought by Plaintiff would have placed no burden whatsoever on Defendant and (3) unreasonable delaying in responding to or ignoring Plaintiff's multiple requests for accommodation and/or inquiries about her requests for a reasonable accommodation.

26.    Defendant is/was providers of public or residential housing or related services and is/was required by law to provide Plaintiff with a reasonable accommodation and provide Plaintiff the ability to enjoy the full terms, conditions, privileges, or services and facilities of the premised and property in which she resided within the meaning of the FHA. In fact, the FHA requires owners of housing facilities to make reasonable exceptions in their policies and operations to afford people with disabilities equal housing opportunities and/or equal access to housing related facilities, such as in this case, the prompt process of Plaintiff's housing voucher so that he could obtain housing, and obtain housing where members of her family could care for her and assist her with her disability, to the same extent as those without disabilities.

27.    As a direct and proximate result of the aforementioned violations, ROBERSON has suffered loss of benefits, embarrassment and humiliation, inconvenience, loss of enjoyment

of life and home, emotional pain and suffering, and severe emotional distress and anguish.

WHEREFORE, ROBERSON demands the following relief: compensatory damages, punitive damages, attorney's fees, and costs pursuant to the FHA, a trial by jury and any other relief this court deems just and proper.

## COUNT III- FHA VIOLATIONS AGAINST-MANNING

### ("Direct Disability Discrimination")

28.    ROBERSON repeats, re-alleges and incorporates paragraphs 1-15 set forth above.

29.    ROBERSON has exhausted her administrative remedies as described in paragraph 6 above and therefore all conditions precedent to filing suit under the FHA, have been met.

30.    The FHA prohibits discrimination on the basis of disability in all programs, services, privileges, benefits and activities provided by or made available by public entities, including the provision of housing and related services. The Defendant SPHA is a public entity, and Defendants Velez and Manning are individuals operating and managing collectively and in concert with the SPHA to provide housing related services or provide housing to the public under the FHA. The FHA requires "reasonable accommodation" be made when requested by a qualified person with a disability.

31.    ROBERSON is a member of a protected class in that she is handicapped, disabled, or suffers from a disability as defined in or by the FHA; to this end, ROBERSON has a severe disability as set forth in paragraph  7 which substantially limits or impairs several major and fundamental life activity and renders her unable to do many major life activities. Additionally, ROBERSON has a record of being impaired or handicapped or is regarded

as being impaired or handicapped and said impairment substantially limits one or more major life activities.  Defendant violated the FHA in that Defendant discriminated against Plaintiff by, among other things, (1) denying her or delaying her a reasonable accommodation due to her disability, handicap or impairment and/or (2) by refusing to and/or failing to offer Plaintiff any type of reasonable accommodation, even though the reasonable accommodation(s) sought by Plaintiff would have placed no burden whatsoever on Defendant and (3) unreasonable delaying in responding to or ignoring Plaintiff's multiple requests for accommodation and/or inquiries about her requests for a reasonable accommodation.

32.     Defendant  is/was providers of public or residential housing or related services and is/was  required by law to provide Plaintiff with a reasonable accommodation and provide Plaintiff the ability to enjoy the full terms, conditions, privileges, or services and facilities of the  premised and property in which she resided within the meaning of the FHA. In fact, the  FHA requires owners of housing facilities to make reasonable exceptions in their policies and operations to afford people with disabilities  equal housing opportunities and/or equal access to housing related facilities, such as in this case, the prompt process of  Plaintiff's housing voucher so that he could obtain housing, and obtain housing where members of her family could care for her and assist her with her disability, to the same extent as those without disabilities.

33.     As a direct and proximate result of the aforementioned violations, ROBERSON has suffered loss of benefits,  embarrassment and humiliation, inconvenience, loss of enjoyment of life and home, emotional pain and suffering, and severe emotional distress and anguish.

**WHEREFORE**, ROBERSON demands the following relief: compensatory damages, punitive damages, attorney's fees, and costs pursuant to the FHA, a trial by jury and any other relief this court deems just and proper.

## COUNT IV- FCRA 760.01 VIOLATIONS AGAINST-SPHA

### ("Direct Disability Discrimination")

34.     ROBERSON repeats, re-alleges and incorporates paragraphs 1-15 set forth above.

35.     ROBERSON has exhausted her administrative remedies as described in paragraph 6 above and therefore all conditions precedent to filing suit under the FCRA, have been met.

36.     The FCRA prohibits discrimination on the basis of disability in all programs, services, privileges, benefits and activities provided by or made available by public entities, including the provision of housing and related services. The Defendant SPHA is a public entity, and Defendants Velez and Manning are individuals operating and managing collectively and in concert with the SPHA to provide housing related services or provide housing to the public under the FCRA. The FCRA requires "reasonable accommodation" be made when requested by a qualified person with a disability.

37.     ROBERSON is a member of a protected class in that she is handicapped, disabled, or suffers from a disability as defined in or by the FCRA; to this end, ROBERSON has a severe disability as set forth in paragraph  7  which substantially limits or impairs several major and fundamental life activity and renders her unable to do many major life activities. Additionally,  ROBERSON has a record of being impaired or handicapped or is regarded as being impaired or handicapped and said impairment substantially limits one or more

major life activities.  Defendant violated the FCRA in that Defendant discriminated against Plaintiff by, among other things, (1) denying her or delaying her a reasonable accommodation due to her disability, handicap or impairment and/or (2) by refusing to and/or failing to offer Plaintiff any type of reasonable accommodation, even though the reasonable accommodation(s) sought by Plaintiff would have placed no burden whatsoever on Defendant and (3) unreasonable delaying in responding to or ignoring Plaintiff's multiple requests for accommodation and/or inquiries about her requests for a reasonable accommodation.

38.     Defendant  is/was providers of public or residential housing or related services and is/was  required by law to provide Plaintiff with a reasonable accommodation and provide Plaintiff the ability to enjoy the full terms, conditions, privileges, or services and facilities of the  premised and property in which she resided within the meaning of the FCRA. In fact, the  FCRA requires owners of housing facilities to make reasonable exceptions  in their policies and operations to afford people with disabilities  equal housing opportunities and/or equal access to housing related facilities, such as in this case, the prompt process of  Plaintiff's housing voucher so that he could obtain housing, and obtain housing where members of her family could care for her and assist her with her disability, to the same extent as those without disabilities.

39.     As a direct and proximate result of the aforementioned violations, ROBERSON has suffered loss of benefits,  embarrassment and humiliation, inconvenience, loss of enjoyment of life and home, emotional pain and suffering, and severe emotional distress and anguish.

        **WHEREFORE**,  ROBERSON demands the following relief: compensatory damages,

attorney's fees, and costs pursuant to the FCRA, a trial by jury and any other relief this court deems just and proper.

## COUNT V- FCRA 760.01 VIOLATIONS AGAINST-VELEZ

### ("Direct Disability Discrimination")

40.    ROBERSON repeats, re-alleges and incorporates paragraphs 1-15 set forth above.

41.    ROBERSON has exhausted her administrative remedies as described in paragraph 6 above and therefore all conditions precedent to filing suit under the FCRA, have been met.

42.    The FCRA prohibits discrimination on the basis of disability in all programs, services, privileges, benefits and activities provided by or made available by public entities, including the provision of housing and related services. The Defendant SPHA is a public entity, and Defendants Velez and Manning are individuals operating and managing collectively and in concert with the SPHA to provide housing related services or provide housing to the public under the FCRA. The FCRA requires "reasonable accommodation" be made when requested by a qualified person with a disability.

43.    ROBERSON is a member of a protected class in that she is handicapped, disabled, or suffers from a disability as defined in or by the FCRA; to this end, ROBERSON has a severe disability as set forth in paragraph 7 which substantially limits or impairs several major and fundamental life activity and renders her unable to do many major life activities. Additionally, ROBERSON has a record of being impaired or handicapped or is regarded as being impaired or handicapped and said impairment substantially limits one or more major life activities. Defendant violated the FCRA in that Defendant discriminated against

Plaintiff by, among other things, (1) denying her or delaying her a reasonable accommodation due to her disability, handicap or impairment and/or (2) by refusing to and/or failing to offer Plaintiff any type of reasonable accommodation, even though the reasonable accommodation(s) sought by Plaintiff would have placed no burden whatsoever on Defendant and (3) unreasonable delaying in responding to or ignoring Plaintiff's multiple requests for accommodation and/or inquiries about her requests for a reasonable accommodation.

44.     Defendant is/was providers of public or residential housing or related services and is/was required by law to provide Plaintiff with a reasonable accommodation and provide Plaintiff the ability to enjoy the full terms, conditions, privileges, or services and facilities of the premised and property in which she resided within the meaning of the FCRA. In fact, the FCRA requires owners of housing facilities to make reasonable exceptions in their policies and operations to afford people with disabilities equal housing opportunities and/or equal access to housing related facilities, such as in this case, the prompt process of Plaintiff's housing voucher so that he could obtain housing, and obtain housing where members of her family could care for her and assist her with her disability, to the same extent as those without disabilities.

45.     As a direct and proximate result of the aforementioned violations, ROBERSON has suffered loss of benefits, embarrassment and humiliation, inconvenience, loss of enjoyment of life and home, emotional pain and suffering, and severe emotional distress and anguish.

   **WHEREFORE**, ROBERSON demands the following relief: compensatory damages, punitive damages, attorney's fees, and costs pursuant to the FCRA, a trial by jury and

any other relief this court deems just and proper.

### COUNT VI- FCRA 760.01 VIOLATIONS AGAINST-MANNING

### ("Direct Disability Discrimination")

46.    ROBERSON repeats, re-alleges and incorporates paragraphs 1-15 set forth above.

47.    ROBERSON has exhausted her administrative remedies as described in paragraph 6 above  and therefore all conditions precedent to filing suit under the FCRA, have been met.

48.    The FCRA prohibits discrimination on the basis of disability in all programs, services, privileges, benefits and activities provided by or made available by public entities, including the provision of housing and related services. The Defendant SPHA is a public entity, and Defendants Velez and Manning are individuals operating and managing collectively and in concert with the SPHA to provide housing related services or provide housing to the public under the FCRA.  The FCRA requires "reasonable accommodation" be made when requested by a qualified person with a disability.

49.    ROBERSON is a member of a protected class in that she is handicapped, disabled, or suffers from a disability as defined in or by the FCRA; to this end, ROBERSON has a severe disability as set forth in paragraph  7  which substantially limits or impairs several major and fundamental life activity and renders her unable to do many major life activities. Additionally,  ROBERSON has a record of being impaired or handicapped or is regarded as being impaired or handicapped and said impairment substantially limits one or more major life activities.  Defendant violated the FCRA in that Defendant discriminated against Plaintiff by, among other things, (1) denying her or delaying her a reasonable

accommodation due to her disability, handicap or impairment and/or (2) by refusing to and/or failing to offer Plaintiff any type of reasonable accommodation, even though the reasonable accommodation(s) sought by Plaintiff would have placed no burden whatsoever on Defendant and (3) unreasonable delaying in responding to or ignoring Plaintiff's multiple requests for accommodation and/or inquiries about her requests for a reasonable accommodation.

50.     Defendant  is/was providers of public or residential housing or related services and is/was  required by law to provide Plaintiff with a reasonable accommodation and provide Plaintiff the ability to enjoy the full terms, conditions, privileges, or services and facilities of the  premised and property in which she resided within the meaning of the FCRA. In fact, the  FCRA requires owners of housing facilities to make reasonable exceptions  in their policies and operations to afford people with disabilities  equal housing opportunities and/or equal access to housing related facilities, such as in this case, the prompt process of  Plaintiff's housing voucher so that he could obtain housing, and obtain housing where members of her family could care for her and assist her with her disability, to the same extent as those without disabilities.

51.     As a direct and proximate result of the aforementioned violations, ROBERSON has suffered loss of benefits,  embarrassment and humiliation, inconvenience, loss of enjoyment of life and home, emotional pain and suffering, and severe emotional distress and anguish.

   **WHEREFORE**,  ROBERSON demands the following relief: compensatory damages, punitive damages, attorney's fees, and costs pursuant to the FCRA, a trial by jury and any other relief this court deems just and proper.

## COUNT VII- CHAPTER 70  VIOLATIONS AGAINST-SPHA

### ("Direct Disability Discrimination")

52.     ROBERSON repeats, re-alleges and incorporates paragraphs 1-16 set forth above.

53.     ROBERSON has exhausted her administrative remedies as described in paragraph 6 above  and therefore all conditions precedent to filing suit under Chapter 70 of the Pinellas County Code of Ordinances, § 70-101, et seq., specifically, §70-152; §70-180 (b) and (c) have been met.

54.     Chapter 70 prohibits discrimination on the basis of disability in all programs, services, privileges, benefits and activities provided by or made available by public entities, including the provision of housing and related services within the limits of the Pinellas County.   The Defendant SPHA is a public entity, and Defendants Velez and Manning are individuals operating and managing collectively and in concert to provide housing related services or provide housing to the public under the Chapter 70.   Chapter 70 requires "reasonable accommodation" be made when requested by a qualified person with a disability.

55.   ROBERSON is a member of a protected class in that she is handicapped, disabled, or suffers from a disability as defined in or by Chapter 70; to this end, ROBERSON has a severe and significant   disability which substantially limits or impairs a major and fundamental life activity and renders her unable to do many major life activities. Additionally, ROBERSON has a record of being impaired or handicapped or is regarded as being impaired or handicapped and said impairment substantially limits one or more major life activities.   Defendant violated Chapter 70 in that Defendant discriminated

against Plaintiff by, among other things, (1) denying her or delaying her a reasonable accommodation due to her disability, handicap or impairment and/or (2) by refusing to and/or failing to offer Plaintiff any type of reasonable accommodation, even though the reasonable accommodation(s) sought by Plaintiff would have placed no burden whatsoever on Defendant and (3) unreasonable delaying in responding to or ignoring Plaintiff's multiple requests for accommodation and/or inquiries about her requests for a reasonable accommodation.

56.     Defendant is/was providers of public or residential housing or related services and is/was required by law to provide Plaintiff with a reasonable accommodation and provide Plaintiff the ability to enjoy the full terms, conditions, privileges, or services and facilities of the premised and property in which he resided within the meaning of Chapter 70.

57.     As a direct and proximate result of the aforementioned violations, ROBERSON has suffered loss of benefits, loss of reputation, embarrassment and humiliation, inconvenience, loss of enjoyment of life and home, emotional pain and suffering, and severe emotional distress and anguish.

       **WHEREFORE**, ROBERSON demands the following relief: compensatory damages, punitive damages, attorney's fees, and costs pursuant to Chapter 70, a trial by jury and any other relief this court deems just and proper.

## COUNT VIII- CHAPTER 70  VIOLATIONS AGAINST-VELEZ

### ("Direct Disability Discrimination")

58.     ROBERSON repeats, re-alleges and incorporates paragraphs 1-16 set forth above.

59.     ROBERSON has exhausted her administrative remedies as described in paragraph 6

above  and therefore all conditions precedent to filing suit under Chapter 70 of the Pinellas

County Code of Ordinances, § 70-101, et seq., specifically, §70-152; §70-180 (b) and (c) have

been met.

60.     Chapter 70 prohibits discrimination on the basis of disability in all programs,

services, privileges, benefits and activities provided by or made available by public entities,

including the provision of housing and related services within the limits of the Pinellas

County.   The Defendant SPHA is a public entity, and Defendants Velez and Manning are

individuals operating and managing collectively and in concert to provide housing related

services or provide housing to the public under the Chapter 70.   Chapter 70 requires

"reasonable accommodation" be made when requested by a qualified person with a

disability.

61.   ROBERSON is a member of a protected class in that she is handicapped, disabled, or

suffers from a disability as defined in or by Chapter 70; to this end, ROBERSON has a

severe and significant   disability which substantially limits or impairs a major and

fundamental life activity and renders her unable to do many major life activities.

Additionally, ROBERSON has a record of being impaired or handicapped or is regarded as

being impaired or handicapped and said impairment substantially limits one or more

major life activities.   Defendant violated Chapter 70 in that Defendant discriminated

against Plaintiff by, among other things, (1) denying her or delaying her a reasonable

accommodation due to her disability, handicap or impairment and/or (2) by refusing to

and/or failing to offer Plaintiff any type of reasonable accommodation, even though the

reasonable accommodation(s) sought by Plaintiff would have placed no burden whatsoever on Defendant and (3) unreasonable delaying in responding to or ignoring Plaintiff's multiple requests for accommodation and/or inquiries about her requests for a reasonable accommodation.

62.     Defendant  is/was providers of public or residential housing or related services and is/was  required by law to provide Plaintiff with a reasonable accommodation and provide Plaintiff the ability to enjoy  the full terms, conditions, privileges, or services and facilities of the premised and property in which he resided within the meaning of Chapter 70.

63.     As a direct and proximate result of the aforementioned violations, ROBERSON has suffered loss of benefits, loss of reputation, embarrassment and humiliation, inconvenience, loss of enjoyment of life and home, emotional pain and suffering, and severe emotional distress and anguish.

    **WHEREFORE**,  ROBERSON demands the following relief: compensatory damages, punitive damages, attorney's fees, and costs pursuant to Chapter 70, a trial by jury and any other relief this court deems just and proper.

<u>**COUNT IX- CHAPTER 70  VIOLATIONS AGAINST-MANNING**</u>

**("Direct Disability Discrimination")**

64.     ROBERSON repeats, re-alleges and incorporates paragraphs 1-16 set forth above.

65.     ROBERSON has exhausted her administrative remedies as described in paragraph 6 above  and therefore all conditions precedent to filing suit under Chapter 70 of the Pinellas County Code of Ordinances, § 70-101, et seq., specifically, §70-152; §70-180 (b) and (c) have

been met.

66.     Chapter 70 prohibits discrimination on the basis of disability in all programs,

services, privileges, benefits and activities provided by or made available by public entities,

including the provision of housing and related services within the limits of the Pinellas

County.   The Defendant SPHA is a public entity, and Defendants Velez and Manning are

individuals operating and managing collectively and in concert to provide housing related

services or provide housing to the public under the Chapter 70.   Chapter 70 requires

"reasonable accommodation" be made when requested by a qualified person with a

disability.

67.   ROBERSON is a member of a protected class in that she is handicapped, disabled, or

suffers from a disability as defined in or by Chapter 70; to this end, ROBERSON has a

severe and significant   disability which substantially limits or impairs a major and

fundamental life activity and renders her unable to do many major life activities.

Additionally, ROBERSON has a record of being impaired or handicapped or is regarded as

being impaired or handicapped and said impairment substantially limits one or more

major life activities.   Defendant violated Chapter 70 in that Defendant discriminated

against Plaintiff by, among other things, (1) denying her or delaying her a reasonable

accommodation due to her disability, handicap or impairment and/or (2) by refusing to

and/or failing to offer Plaintiff any type of reasonable accommodation, even though the

reasonable accommodation(s) sought by Plaintiff would have placed no burden

whatsoever on Defendant and (3) unreasonable delaying in responding to or ignoring

Plaintiff's multiple requests for accommodation and/or inquiries about her requests for a reasonable accommodation.

68.     Defendant is/was providers of public or residential housing or related services and is/was required by law to provide Plaintiff with a reasonable accommodation and provide Plaintiff the ability to enjoy the full terms, conditions, privileges, or services and facilities of the premised and property in which he resided within the meaning of Chapter 70.

69.     As a direct and proximate result of the aforementioned violations, ROBERSON has suffered loss of benefits, loss of reputation, embarrassment and humiliation, inconvenience, loss of enjoyment of life and home, emotional pain and suffering, and severe emotional distress and anguish.

   **WHEREFORE**, ROBERSON demands the following relief: compensatory damages, punitive damages, attorney's fees, and costs pursuant to Chapter 70, a trial by jury and any other relief this court deems just and proper.

On this ____ 2ND Day of _____ MARCH 2024.

                              S/ Frank T. Allen
                              FRANK T. ALLEN, ESQUIRE
                              FBN- 0033464
                              **THE ALLEN FIRM, P.A.**
                              2582 Maguire Rd.,
                              Suite 130
                              OCOEE, FL 347611
                              (407) 481-8103
                              Fallen@TheAllenFirmPA.com (email)
                              Attorneys for Plaintiff.

                              _____ (attached)
                              XERES ROBERSON